

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

OCT 1 7 2008

CLERK, U.S. DISTRICT COURT
By _____
　　　　Deputy

GARY WRIGHT,

　　　　Plaintiff,

vs.

AMR CORPORATION, a Texas
Corporation, AMERICAN AIRLINES,
INC., a Texas corporation, JOHN DOE, an
Individual, and DOES 1-20,

　　　　Defendants.

§
§
§
§
§
§
§
§
§
§
§
§
§

Civil Action No.

**3-08CV1856-G**

## ORIGINAL COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff, Gary Wright, by and through his Attorneys, and brings this action against AMR Corporation, American Airlines, Inc., John Doe, a passenger embarked onboard the subject flight (collectively "Defendants") for personal injuries he sustained on an American aircraft during a flight from DFW, Texas to John F. Kennedy International Airport ("JFK") that was designated as American Flight 322, connecting to American Flight 64 from JFK to Zurich, Switzerland, which were part of a single contract for carriage on a ticket issued to the plaintiff in the State of Texas. This action is governed by the Warsaw Convention and the Montreal Convention of 1999, also known as the Convention for the Unification of Certain Rules for International Carriage by Air.

The Plaintiff respectfully alleges:

### The Parties

1. Plaintiff, Gary Wright, is a citizen of the State of Texas and a resident of Fort Worth, Tarrant County.

2. The defendants, AMR Corporation and American Airlines, Inc. (collectively "American") are believed and therefore alleged to be corporations organized under the laws of the United States, incorporated in and with headquarters in the State of Texas.

3. Defendant John Doe is an individual whose domicile is unknown. The true name and capacity of Defendant John Doe, who was a passenger onboard the subject flight seated near the Plaintiff, is unknown to Plaintiff who therefore sues said defendant by such fictitious name. Plaintiff will amend this Complaint to allege the true capacity of the defendant John Doe when it is ascertained. Plaintiff is informed and believes, and on such information and belief alleges, that the defendant designated herein as John Doe is responsible in some manner for the occurrence herein alleged which directly and proximately caused the injuries and damages alleged in this Complaint.

4. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 20 are unknown to plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true capacity of the defendant DOES when they are ascertained. Plaintiff is informed and believes, and on such information and belief alleges, that each of the defendants designated herein as a DOE is responsible in some manner for the occurrence herein alleged which directly and proximately caused the injuries and damages alleged in this Complaint.

5. Plaintiff is informed and believes, and thereon alleges, that each of the named defendants, and DOES 1 through 20, inclusive, were the agents, servants and employees of each of the remaining said defendants, and in performing the acts hereinafter alleged, were acting within the course and scope of said agency, service and employment with the advanced knowledge, acquiescence and ratification of each and every remaining defendant.

6. American regularly conducts business in the State of Texas and provides coordinated ticketing and operation of flights from the United States, including Dallas Fort Worth International Airport ("DFW") in Fort Worth, Texas, to international destinations including Zurich, Switzerland.

7. American is an air carrier that provides services for the carriage of passengers by air using either its own aircraft or another carrier's aircraft pursuant to a code share or other commercial agreement within the meaning of the Convention.

## Jurisdiction and Venue

8. This Court has original jurisdiction pursuant to 28 U.S.C. §1331(a), in that this action arises out of and is governed by the Convention for the Unification of Certain Rules Relating to International Transportation by Air, October 12, 1929, 49 Stat. 3000, 2 Bevans, 983, 137 L.N.T.S. 11 (the "Warsaw Convention"), as amended by the Convention for the Unification of Certain Rules for International Carriage by Air (the "Montreal Convention 1999") and related agreements and protocols.

9.   This Court has jurisdiction over this matter and venue is proper pursuant to Article 33 of the Montreal Convention 1999 in that the plaintiff's principal and permanent residence is in the United States.

10.   The subject flight involved "international carriage" as defined under Article One of the Montreal Convention 1999 and the plaintiff's injuries alleged herein resulted from an accident on board the defendants' aircraft in the course of international carriage within the meaning of the Montreal Convention 1999.

11.   Personal jurisdiction exists over the defendant American by virtue of its ongoing business dealings in the State of Texas, with arriving and departing flights in the State of Texas on a regular basis.

12.   Personal jurisdiction exists over defendant John Doe who, on information and belief, is alleged to be a resident of Texas.

13.   This court also has supplemental jurisdiction over all actions pursuant to 28 U.S.C. §1367.

## **General and Factual Allegations**

14.   In or about August 28, 2007 the plaintiff purchased a ticket from American Express Business Travel, Tampa, Florida for international travel from Dallas-Fort Worth to Zurich, Switzerland, via JFK International Airport, New York, departing from DFW on September 8, 2007 on American Flight 322 and arriving in Zurich, on September 9, 2007 on American Flight 64.  Flight 322 was part of an international flight with stopping points in the United States and in Europe.  Therefore, the terms of the Montreal Convention and relevant Tariffs

apply to this matter. The return flight was scheduled to depart Zurich for the United States on September 28, 2007.

15. American Flight 322 was operated by American on an aircraft owned by American with cockpit and cabin crew who were employees of American.

16. The ticket for travel on American Flight 322 was issued by American.

17. On September 8, 2007, the Plaintiff was a fare-paying passenger on American Flight 322.

18. During American Flight 322 from DFW to JFK on September 8, 2007, the plaintiff sustained serious personal injuries when he was struck on the head by luggage removed from an overhead compartment by passenger John Doe who got out of his seat shortly after takeoff while the "Fasten Seat Belt" light was still illuminated and the rest of the passengers and flight crew were still seated.

19. The bag containing defendant John Doe's laptop computer struck Plaintiff on the head and caused him immediate and severe pain to his head, neck and upper back areas. Plaintiff continued the flight to JFK in pain and suffering for several hours.

20. Due to flight delays and other administrative issues, American was unable to attend to Plaintiff's injuries and assist him with his complaint, so Plaintiff boarded the next leg of the flight, American Flight 64 to Zurich.

21. After several days in Switzerland, Plaintiff's injuries became unbearable and he was admitted to a hospital in Zurich for treatment of symptoms directly resulting from the injuries he sustained on American Flight 322.

## COUNT ONE:
### Plaintiff's Claim for Personal Injuries Against American Airlines Pursuant to Articles 17 and 21 of the Montreal Convention 1999

22. Plaintiff hereby alleges and incorporates all paragraphs 1-21 above by reference herein.

23. The United States of America is a signatory to the Montreal Convention of 1999, which has been in effect since November 4, 2003. Article 1 of the Montreal Convention provides that the Convention's rules apply to international carriage. American Airlines Flight 322 was one leg of an undivided international round trip carriage from the United States to Switzerland and back to the United States. At the time of the incident, plaintiff Gary Wright was a fare paying passenger, ticketed to fly American Airlines Flight 322 and American Airlines Flight 64.

24. The plaintiff sustained bodily injury as a result of an accident on board an American aircraft during Flight 322 within the meaning of Article 17 of the Montreal Convention 1999. Plaintiffs' injuries and damages were caused by an unexpected and unusual event external to the passenger, plaintiff Gary Wright.

25. Pursuant to the provisions of Article 17 of the Montreal Convention 1999, defendant American is liable for damages sustained by the plaintiff as a result of the injuries he suffered as a result of the accident on board Flight 322 on September 8, 2007.

26. The plaintiff's injuries were the result of an accident pursuant to the provisions in Article 17 of the Montreal Convention 1999 and the defendant

therefore is strictly liable for, and may not limit or exclude its liability for damages up to and including 100,000 Special Drawing Rights as provided in Article 21.

27. The plaintiff's injuries occurred as a result of the defendant American's negligence or other wrongful act within the meaning of Article 21 of the Montreal Convention 1999, and the defendant therefore is liable for damages exceeding 100,000 Special Drawing Rights as provided in Article 21.

28. The defendant American, acting by and through Flight 322's cabin and cockpit crew and other employees, failed to take all necessary precautions to prevent the accident that resulted in plaintiff's injury during Flight 322 on September 8, 2007.

29. The plaintiff's injuries were the direct and proximate result of the defendants' negligence and other wrongful conduct in any or all of the following respects:

    a.  Failing to take necessary precautions to anticipate the situation that caused the hazardous condition onboard Flight 322 that resulted in plaintiff's injury;

    b.  Failing to avoid the hazardous conditions that caused the plaintiff's accident onboard Flight 322 that resulted in plaintiff's injury;

    c.  Failing to adequately train and/or supervise its agents, servants, and employees in the proper security protocol and customer relations and violated their own rules, guidelines and policies;

    d.  Failing to control all the embarked passengers and ensure that they

adhered to Federal Aviation Regulations by remaining seated during

the critical take-off phase of the flight.

30.  As a direct and proximate result of the foregoing, the plaintiff, Gary

Wright, suffered severe and permanent injuries, was rendered unable to engage in

his usual occupation and activities, and suffered physical pain and mental

suffering.

31.  As a direct and proximate result of the foregoing, the plaintiff is entitled to

recover all elements of damages allowable under law, including damages for the

following: medical expenses; loss of impairment of earning capacity; economic

losses; physical and mental pain and suffering; and all other damages recoverable

under the laws of damages applicable to this action.

## COUNT TWO:
## Plaintiff's Claim for Negligence Against John Doe

32.  Plaintiff hereby alleges and incorporates paragraphs 1-31 by reference

herein.

33.  Defendant John Doe owed a duty of care to plaintiff Gary Wright

onboard American Airlines Flight 322 to JFK. These duties include the duty not

to batter or harm others. Additionally, defendant has a duty not to act in a manner

which would cause physical and/or emotional harm to plaintiff.

34.  Defendant John Doe breached this duty of care by intentionally,

recklessly, willfully, unlawfully, negligently, tortiously and/or carelessly acting in

a conscious disregard for the safety of others, including Plaintiff Gary Wright through his disorderly and disruptive actions by getting out of his seat and attempting to retrieve baggage in the overhead compartment while the 'fasten seatbelt' light was illuminated onboard American Airlines Flight 322. These actions could and did result in harm to plaintiff.

35. Defendant John Doe's acts and omissions and breaches of the duties owed to plaintiff proximately caused injuries and damages to plaintiff, including but not limited to serious physical and mental injuries, past and future medical expenses, past and future wage loss, past and future pain and suffering, past and future emotional distress, loss of enjoyment of life, physical and mental disability, trauma, fear, fright, embarrassment, loss of consortium and any and all special and general damages allowed by law or otherwise, all in an amount to be proven at trial.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants AMR, American Airlines, John Doe and DOES 1-20 inclusive, in an amount that provides full and fair compensation for the injuries and damages he suffered, plus interest and costs.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully Submitted,

**ANDREW L. PAYNE**
Texas Bar No. 00791416
**PAYNE MITCHELL LAW GROUP**
2911 Turtle Creek Blvd., Suite 1400
Dallas, TX 75219
Telephone: (214) 252-1888
Facsimile: (214) 252-1889

⍦JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

GARY L. WRIGHT

## DEFENDANTS

3-08CV1856-G

AMR CORPORATION

**(b)** County of Residence of First Listed Plaintiff   Tarrant
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Tarrant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

RECEIVED
OCT 17 2008
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Andrew L. Payne, Payne Mitchell Law Group
2911 Turtle Creek Boulevard, Suite 1400, Dallas, TX  75219

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
       Plaintiff

☒ 3  Federal Question
       (U.S. Government Not a Party)

☐ 2  U.S. Government
       Defendant

☐ 4  Diversity
       (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                            and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☒ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | **PERSONAL INJURY** | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 362 Personal Injury - Med. Malpractice | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 365 Personal Injury - Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 861 HIA (1395ff) |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 864 SSID Title XVI |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | **IMMIGRATION** | ☐ 865 RSI (405(g)) |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | ☐ 462 Naturalization Application | **FEDERAL TAX SUITS** |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 463 Habeas Corpus - Alien Detainee | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | ☐ 871 IRS—Third Party 26 USC 7609 |
| | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | ☐ 891 Agricultural Acts |
| | | | | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 893 Environmental Matters |
| | | | | ☐ 894 Energy Allocation Act |
| | | | | ☐ 895 Freedom of Information Act |
| | | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| | | | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1  Original
       Proceeding

☐ 2  Removed from
       State Court

☐ 3  Remanded from
       Appellate Court

☐ 4  Reinstated or
       Reopened

☐ 5  Transferred from
       another district
       (specify)

☐ 6  Multidistrict
       Litigation

☐ 7  Appeal to District
       Judge from
       Magistrate
       Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Convention for the Unification of Certain Rules for International Carriage by Air, Montreal 1999

Brief description of cause:
Personal injury onboard international commercial air carrier flight.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
    UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
10/17/08

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #              AMOUNT                   APPLYING IFP                  JUDGE                  MAG. JUDGE