

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

GARY WRIGHT,                    §
                                §
        Plaintiff,              §
                                §
VS.                             §   NO. 4:08-CV-660-A
                                §
AMERICAN AIRLINES, INC., ET AL.,§
                                §
        Defendants.             §

<u>MEMORANDUM OPINION</u>
<u>and</u>
<u>ORDER</u>

        After having considered the motion for partial summary
judgment of defendant American Airlines, Inc. ("American"), the
entire summary judgment record, and pertinent legal authorities,
the court has concluded that the motion should be granted.

I.

<u>Nature of the Action</u>

        Plaintiff, Gary Wright, initiated this action against
American, its parent company, AMR Corporation, "John Doe, an
individual," and "Does 1-20." Compl. at 1. He later amended his
complaint, eliminating AMR, John Doe, and Does 1-20 as
defendants, and adding Craig Thompson ("Thompson") as a
defendant. In summary, plaintiff's allegations are that:

        On September 8, 2007, plaintiff and Thompson were passengers
on American flight number 322, which traveled from Dallas/Fort
Worth International Airport to New York's John F. Kennedy
International Airport. Flight 322 was the first leg of the

outbound portion of plaintiff's round trip between Dallas/Fort Worth and Zurich, Switzerland.

Shortly after Flight 322 took off, and while the "fasten seat belt" light was still illuminated, Thompson got out of his seat and attempted to retrieve baggage from the overhead compartment. The bag containing Thompson's laptop computer[1] fell from the overhead compartment and struck plaintiff on the head, causing him immediate and severe pain in his head, neck, and upper back area. When plaintiff arrived in New York, "American was unable to attend to plaintiff's injuries," so he boarded the next leg of his trip to Zurich. Am. Compl. at 4. After several days in Switzerland, plaintiff's injuries became unbearable, and he was admitted to the hospital for treatment.

Plaintiff asserts a cause of action against American for personal injury under Articles 17 and 21 of the Convention for the Unification of Certain Rules for International Carriage by Air ("Montreal Convention"),[2] which provides for compensation to passengers in international air carriage for death and personal injury caused by accidents occurring on board an aircraft or in the course of embarking or disembarking. Plaintiff alleges that the injuries he sustained when Thompson's baggage fell from the

---

[1]In his deposition, plaintiff stated that the object that struck him was actually a cardboard cylinder containing a fly fishing rod. Def.'s App. at 38.

[2]Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, Int'l Civil Aviation Org. Doc. No. 9740, reprinted in S. Treaty Doc. No. 106-45, 1999 WL 33292734.

overhead compartment were the direct and proximate result of the following acts of American:

> a.   Failing to take necessary precautions to anticipate the situation that caused the hazardous condition onboard Flight 322 that resulted in plaintiff's injury;
>
> b.   Failing to avoid the hazardous condition the caused plaintiff's accident onboard Flight 322 that resulted in plaintiff's injury;
>
> c.   Failing to adequately train and/or supervise its agents, servants, and employees in the proper security protocol and customer relations and violated their own rules, guidelines, and policies;
>
> d.   Failing to control all the embarked passengers and ensure that they adhered to Federal Aviation Regulations by remaining seated during the critical take-off phase of the flight.

Id. at 6-7.

Plaintiff seeks damages for medical expenses, loss of earning capacity, economic loss, and physical and mental pain and suffering, as well as all other recoverable damages.  He alleges that because his injuries were caused by American's negligence or other wrongful act, American "is liable for damages exceeding 100,000 Special Drawing Rights as provided in Article 21 [of the Montreal Convention]."[3]  Id. at 6.

---

[3]A Special Drawing Right is an artificial currency, the value of which is based on a "basket" of currencies (the U.S. dollar, the Japanese yen, and the British pound).  Sompo Japan Ins., Inc., v. Nippon Cargo Airlines Co., 522 F.3d 776, 779 n.3 (7th Cir. 2008).  Article 23(1) of the Montreal Convention provides that Special Drawing Rights are to be converted into the applicable national currency at the date of judgment.

II.

## Grounds of American's Motion for Partial Summary Judgment

In its motion for partial summary judgment, American contends that it is not liable for any of plaintiff's alleged damages in excess of 100,000 Special Drawing Rights ("SDR"). Article 21 of the Montreal Convention provides that an air carrier shall not be liable for damages in excess of 100,000 SDR if the damages were not caused by the negligence, omission, or other wrongful act of the carrier or its agents, or if the damages were caused solely by the negligence, omission, or other wrongful act of a third party. American contends that the undisputed summary judgment evidence shows that plaintiff's injuries were not caused by any negligence, omission, or wrongful act on the part of American, and, alternatively, that plaintiff's injuries were solely caused by the actions of a third party, namely, Thompson. Thus, American asserts that there is no genuine issue of fact as to its liability for plaintiff's alleged damages exceeding 100,000 SDR. Plaintiff did not respond to American's motion.

III.

## Summary Judgment Standards

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party has the initial

burden of showing that there is no genuine issue of material fact. <u>Anderson</u>, 477 U.S. at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the nonmoving party's claim or defense "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). Once the moving party has carried its burden under Rule 56(c), the nonmoving party must do more than merely show that there is some metaphysical doubt as to the material facts. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. <u>Anderson</u>, 477 U.S. at 248, 256. To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." <u>Forsyth v. Barr</u>, 19 F.3d 1527, 1537 (5th Cir. 1994). Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. <u>Simmons v. Lyons</u>, 746 F.2d 265, 269 (5th Cir. 1984).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law. <u>Celotex</u>, 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. <u>Matsushita</u>,

475 U.S. at 597; see Boeing Co. v. Shipman, 411 F.2d 365, 374-75

(5th Cir. 1969) (en banc) (explaining the standard to be applied

in determining whether the court should enter judgment on motions

for directed verdict and for judgment notwithstanding the

verdict).

IV.

## Analysis

A.   The Montreal Convention and Its Provisions for Liability and
     Compensation in the Case of Death or Injury of Passengers

The court refers the reader to Bassam v. American Airlines,

287 F. App'x 309, 312 (5th Cir. 2008), for a summary of the

history of the Montreal Convention, which provides the exclusive

remedies for international passengers against their air carriers.

The circumstances in which an air carrier is liable for death or

injury of its passengers is governed by Article 17 of the

Convention.  It states, in pertinent part, that:

> 1.   The carrier is liable for damage sustained in case
> of death or bodily injury of a passenger upon condition
> only that the accident which caused the death or injury
> took place on board the aircraft or in the course of
> any of the operations of embarking or disembarking.

Montreal Convention art. 17(1).  Under the heading "Compensation

in Case of Death or Injury of Passengers," the Convention states:

> 1.   For damages arising under paragraph 1 of Article
> 17 not exceeding 100,000 Special Drawing Rights for
> each passenger, the carrier shall not be able to
> exclude or limit its liability.
>
> 2.   The carrier shall not be liable for damages
> arising under paragraph 1 of Article 17 to the extent
> that they exceed for each passenger 100,000 Special
> Drawing Rights if the carrier proves that:

> (a) such damage was not due to the negligence or
> other wrongful act or omission of the carrier or
> its servants or agents; or
>
> (b) such damage was solely due to the negligence
> or other wrongful act or omission of a third
> party.

Id. art. 21.

In other words, an air carrier is strictly liable for any damages up to 100,000 SDR, as long as those damages result from an "accident" occurring on board its aircraft or during the embarking or disembarking processes. But, a carrier can avoid liability for any damages exceeding 100,000 SDR by proving that plaintiff's damages were not caused by its own negligence, omission, or other wrongful act, or by proving that they were solely caused by the negligence, omission, or other wrongful act of a third party.

B.   Plaintiff's Damages Were Not Caused by the Negligence,
     Omission, or Other Wrongful Act of American or Its Servants
     or Agents

American has adduced evidence sufficient to prove that plaintiff's injuries were not caused by any negligence, omission, or other wrongful act on its part or on the part of its flight crew.

In his deposition, plaintiff claimed that American was at fault solely because the flight crew did not prevent Thompson from leaving his seat and opening the overhead compartment at a time when he should have been seated. Def.'s App. at 38. However, the undisputed summary judgment evidence shows that the flight crew of flight 322 did all that it could do to prevent

Thompson from getting up. The crew made all of the standard pre-flight safety announcements. Id. at 11. These included informing the passengers that the captain had turned on the "fasten seat belt" sign and warning the passengers to "be careful when opening overhead bins because falling objects can cause injury to you or someone seated near you." Id. Moreover, Thompson got up from his seat while the aircraft was still ascending, before the point when the flight attendants typically unbuckle themselves and begin performing their in-flight duties. Id. at 39. The flight attendant seated closest to plaintiff did not see Thompson get up. Id. at 12. Nor could she have seen him get up, as, by plaintiff's own admission, her line of sight would have been obstructed by the wall of the aircraft lavatory. Id. at 39.

This evidence shows that there is nothing that the flight crew could have done differently to prevent Thompson from opening the overhead bin. Therefore, American has proven that plaintiff's injuries were not due to the negligence, omission, or other wrongful act of American or its servants or agents.[4] Because American has proven that it was not at fault, it is not liable for any of plaintiff's damages exceeding 100,000 SDR.

---

[4]Other courts, albeit in different jurisdictions, have reached the same conclusion on similar facts. See, e.g., Allen v. Am. Airlines, Inc., 301 F. Supp. 2d 370, 378-79 (E.D. Pa. 2003) (holding that airline was not negligent where passenger stood for ten seconds while "fasten seat belt" light was illuminated and opened overhead bin without flight crew intervention); Rodriguez Pardo v. Delta Airlines, Inc., 767 F. Supp. 26, 28 (D.P.R. 1991) (holding that airline was not negligent for allowing passenger to open overhead bin during flight where there was no evidence that there was sufficient time for flight attendant to instruct passenger to remain seated).

Montreal Convention art. 21(2).  Therefore, American is entitled to partial summary judgment.

V.

Order

Consistent with the foregoing,

The court ORDERS that American's motion for partial summary judgment be, and is hereby, granted, and that plaintiff shall not recover damages from American in excess of 100,000 SDR.

SIGNED February 8, 2010.

_____
JOHN McBRYDE
United States District Judge

9